UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LEILA C. SINCLAIR | : |
| | : |
| v. | :     C.A. No. 16-127S |
| | : |
| CRAIG S. SAMPSON, | : |
| ESQUIRE, et. al. | : |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

      Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Plaintiff's Motion for Preliminary Injunctive Relief.  (Document No. 21).  Defendant Craig Sampson and Defendants Kathleen Ennen, William Jenkins and Theodore Jenkins filed oppositions to the Motion. (Document Nos. 26 and 27).  Defendant American National Insurance Company did not file a formal opposition and represents, through counsel, that it already paid the proceeds of the annuity in question into a Trust and thus is not properly subject to injunctive relief as to such proceeds.  A telephonic hearing was held on Plaintiff's Motion on September 28, 2016.

      In order to obtain a preliminary injunction, the moving party bears the burden of showing that:  (1) it will suffer irreparable injury if the injunction is not granted; (2) such injury outweighs any harm which granting injunctive relief would inflict on the nonmovant; (3) it has a likelihood of success on the merits; and (4) the public interest will not be adversely affected by the granting of the injunction.  See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991); and Hasbro, Inc. v. MGA Entm't, Inc., 497 F. Supp. 2d 337, 340 (D.R.I. 2007).  "The purpose of a preliminary injunction is to preserve the status quo, freezing an existing situation so as to permit the trial court, upon full adjudication of the case's merits, more effectively to remedy discerned wrongs." CMM

Cable Rep., Inc. v. Ocean Coast Prop., Inc., 48 F.3d 618, 620 (1st Cir. 1995).  Further, an injury is generally not irreparable if it can be compensated by money damages.  See Cattle Fin. Co. v. Boedery, Inc., 795 F. Supp. 362, 364 (D. Kan. 1992).

Here, for the reasons stated during the telephonic motion hearing, I find that Plaintiff has not met her burden of showing a likelihood of success on the merits of this dispute or that she will suffer irreparable harm if a preliminary injunction is not granted.  This dispute centers on competing versions of a Trust document and the authority of Defendant William Jenkins to remove Plaintiff as a Trustee.  The version relied upon by Defendants (Version A) names William Jenkins as Appointor with the power to appoint and remove a Trustee.  (Document No. 26 – Exh. B).  The version relied upon by Plaintiff (Version B) names another individual as Appointor and provides that the Appointor has the power to appoint a Trustee but can only remove a Trustee with his or her consent.  (Document No. 26 – Exh. D).

Plaintiff and Defendant William Jenkins are siblings.  Their mother, Kathleen Ennis Jenkins, passed away on or about November 18, 2015.  Following her death, William Jenkins signed and sent a Memorandum dated December 30, 2015 to Plaintiff removing her as a Trustee purportedly pursuant to his power as Appointor under paragraph 7.1 of the Kathleen Ennis Jenkins Trust ("KEJ Trust") (Version A).  (Document No. 26 – Exh. C).[1]

By sworn Affidavit, William Jenkins testifies that Plaintiff advised him by email on May 19, 2013 that he had been named Appointor of the KEJ Trust and Version A of the Trust was included as an attachment to the email.  (Affidavit of William Jenkins, ¶¶ 2-3).  He testifies that Plaintiff did

---

[1] In his Affidavit, William Jenkins indicates that Plaintiff was removed due to the discovery of certain "financial irregularities" which form the basis of Defendants' proposed Amended Counterclaims.  (Affidavit of William Jenkins, ¶ 5 and Document No. 19).

not produce Version B of the Trust until after she was removed as Trustee. Id., ¶ 6. He also asserts that Plaintiff never previously advised him that the KEJ Trust had been changed or that he was no longer the Appointor. Id. at ¶ 8.

Although Plaintiff submitted some email communications and other documents with her Reply Brief (Document No. 28), she has not submitted an Affidavit or other sworn declaration in support of her Motion or in response to the Affidavit of William Jenkins. In addition, her unverified and unauthenticated email submissions do not clearly support her position as to Version B. In fact, on May 19, 2013, Plaintiff sent an email to William Jenkins with a KEJ Trust attachment noted as "final wsig and attachs wsigs." (Document No. 28 at pp. 12-14). The email also informed William Jenkins that "[y]ou are now the "Appointor" of the KEJ Trust" which is, of course, consistent with the contents of Version A and not Version B. Id. at p. 12. Plaintiff's position is simply not sufficiently supported by evidence at this juncture to meet her burden of establishing a likelihood of success on the merits.

Plaintiff has also not shown that she would be irreparably harmed absent preliminary injunctive relief. In fact, in her Reply Brief, Plaintiff acknowledges "there technically may be legal remedies for [her] to recover from her harm, injuries and discrimination against her to date." (Document No. 28 at p. 4). She offers nothing beyond speculation as to the ability to recoup such damages in future proceedings. Id. In addition, during the telephonic hearing, counsel for Defendant Jenkins represented to the Court that "[a]ny assets that would be attributable to her share of the Trust or as a beneficiary are being held, so in excess of 25%[2] of the Trust and probate estate

---

[2] Plaintiff has three siblings thus the 25% "share."

assets are being held and there is no plan to distribute those assets pending the outcome of this case. So, there is simply no basis for injunctive relief."

**Conclusion**

For the foregoing reasons, I recommend that Plaintiff's Motion for Preliminary Injunctive Relief (Document No. 21) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 29, 2016