UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LEILA C. SINCLAIR          :
                           :
    v.                     :    C.A. No. 16-127S
                           :
CRAIG S. SAMPSON,          :
ESQUIRE, et. al.           :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Plaintiff's Motion to Dismiss the Amended Counterclaim of Defendants Kathleen J. Ennen, William E. Jenkins and Theodore L. Jenkins, Jr. (Document No. 44). Defendants oppose the Motion. (Document No. 46). For the following reasons, I recommend that Plaintiff's Motion to Dismiss be DENIED.

By way of background, this litigation arises out of a family dispute. Plaintiff initiated this action by filing a pro se Complaint against her three siblings, a Newport estate planning attorney and a national insurance company. The Complaint concerns the administration of a Trust purportedly established by Plaintiff's late mother and the distribution of the proceeds of an annuity held by the Trust. On August 31, 2016, the three sibling Defendants moved to file an amended counterclaim to add additional claims against Plaintiff. (Document No. 19). The Motion was granted on October 12, 2016 and the Amended Counterclaim was filed on October 14, 2016. (Document No. 33). In their Amended Counterclaims, Plaintiff's siblings "seek

damages for what they allege to be Plaintiff's fraudulent conversion of assets belonging to [their late mother] and the Trust." (Document No. 46-1 at p. 2).

**Discussion**

In her Motion to Dismiss, Plaintiff argues that the Counterclaims (1) fail to meet the pleading requirements of Rules 8(a)(2) and 12(b)(6), Fed. R. Civ. P., and (2) are barred by the probate exception to federal jurisdiction.[1]

First, as to the sufficiency of the pleadings, the Counterclaims are plainly organized in accordance with Rule 8(a)(2)'s requirements. The Counterclaims do not consist of "bare legal conclusions" as argued by Plaintiff. Rather, they contain sufficiently detailed factual allegations to overcome Plaintiff's generalized challenge under Rule 12(b)(6).

Second, as to the probate exception, Plaintiff has not presently shown any circumstances warranting the application of this narrow exception to federal jurisdiction. The probate exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate," and "it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." Marshall v. Marshall, 547 U.S. 293, 311-312 (2006). In other words, the exception requires the Court to determine if it is being asked by a litigant to "(1) probate or annul a will, (2) administer a decedent's estate, or (3) assume in rem jurisdiction over property that is in the custody of the probate court." Three Keys Ltd. v. SR Util. Holding Co., 540 F.3d 220, 227 (3rd Cir. 2008). "[W]here exercise of federal jurisdiction will

---

[1] Plaintiff's additional arguments merit little discussion. First, she challenges venue yet she chose to initiate suit in this forum. Second, she moves under Rule 12(f), Fed. R. Civ. P., to strike Defendants' prayer for attorney's fees. However, a motion to strike under Rule 12(f) is simply not the proper avenue to challenge the legal sufficiency of an affirmative claim for relief.

result in a judgment that does not dispose of property in the custody of a state probate court, even though the judgment may be intertwined with and binding on those state proceedings, the federal courts retain their jurisdiction." Jimenez v. Rodriguez-Pagan, 597 F.3d 18, 24 (1st Cir. 2010).

Here, Defendants are essentially seeking to recover assets that they allege were wrongfully misappropriated by Plaintiff to her own personal use and benefit. They are not seeking to probate or administer their late mother's will in this Court or to adjudicate the rights to specific assets presently within the custody or control of the probate court. If they are successful on their Counterclaims, Defendants may recover additional assets to be included in the estate. However, that does not trigger the probate exception. See Jimenez, 597 F.3d at 24 ("[w]hile divvying up an estate falls squarely within the probate exception, merely increasing it does not"); and Gustafson v. Zumbrunnen, 546 F.3d 398, 400 (7th Cir. 2008) (suit to recover estate assets is not subject to probate exception since it "would just add assets to the decedent's estate" and "not reallocate the estate's assets...or otherwise interfere with the probate court's control over and administration of the estate").

**Conclusion**

For the foregoing reasons, I recommend that Plaintiff's Motion to Dismiss Counterclaims (Document No. 44) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v.

Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 26, 2017